## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

# ORIGINAL

**UNITED STATES OF AMERICA**

**CRIMINAL NO. 16-20732**

**vs.**

**HONORABLE ROBERT H. CLELAND**

**VIOLATIONS: 18 U.S.C. § 371**
**18 U.S.C. § 666(a)**
**18 U.S.C. § 1343**

**D-7   CHARLES B. RIZZO,**

**Defendant.**

_____/

## EIGHTH SUPERSEDING INFORMATION

The United States Attorney charges:

## COUNT ONE

(18 U.S.C. §§ 371 & 666(a) – Conspiracy to Commit Bribery)

**D-7   CHARLES B. RIZZO**

## THE CONSPIRACY

1. From approximately 2012 through 2016, in the Eastern District of Michigan, Southern Division, defendant **CHARLES B. RIZZO** did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree with Dean Reynolds, Clifford Freitas, Quintin Ramanauskas, *Attorney A*, and other individuals to commit an

1

offense against the United States, that is, to commit federal program bribery, in violation of Title 18, United States Code, Section 666(a).

2. During the period between 2012 and January of 2016, **CHARLES B. RIZZO** and Rizzo Environmental Services were seeking to maintain or extend municipal garbage contracts with Macomb Township, Michigan, and Clinton Township, Michigan, among other municipalities.

3. Between 2012 and January 2016, **CHARLES B. RIZZO**, as the Chief Executive Officer of Rizzo Environmental Services, paid or offered money to certain public officials in exchange for their support of the company's efforts to maintain favorable garbage contracts and favorable relations for Rizzo Environmental Services. **CHARLES B. RIZZO** agreed with Quintin Ramanauskas, an employee of Rizzo Environmental Services, *Attorney A*, and other individuals, to provide money to public officials Dean Reynolds and Clifford Freitas, with the intent to influence or reward them in connection with transactions involving garbage contracts for Rizzo Environmental Services with their municipalities.

4. As part of this conspiracy, from 2012 through January 2016, **CHARLES B. RIZZO** agreed to pay money or to provide things of value to Reynolds, an elected Trustee of Clinton Township. **CHARLES B. RIZZO** paid money to Reynolds on occasion over a period of time, amounting to approximately $50,000 in cash, and also provided Reynolds with free legal services. **CHARLES B. RIZZO** conspired with

*Attorney A* to corruptly provide the legal services to Reynolds in order to influence and reward Reynolds for his assistance in securing an extension of the Clinton Township trash contract in February of 2016.

5. In early 2014, **CHARLES B. RIZZO** hired Clifford Freitas as an employee of Rizzo Environmental Services. Freitas was also an elected Trustee of Macomb Township, Michigan. In 2015, Rizzo Environmental Services acquired a garbage-collection contract with Macomb Township. Freitas abstained from the vote on the contract with the company. Also in 2015, **CHARLES B. RIZZO** promised to give $35,000 to Freitas and an increase in salary if Freitas used his position as a Trustee to get the Rizzo Environmental Services billing of residents placed on the water bill, which would reduce the company's billing costs.

6. In each of the calendar years of the conspiracy, Clinton Township and Macomb Township each received over $10,000 in federal assistance. Each of the garbage contracts or possible contracts between Rizzo Environmental Services and these municipalities involved millions of dollars.

## **OVERT ACT**

In furtherance of the unlawful conspiracy, and to effect its objectives, the co-conspirators committed the following overt act in the Eastern District of Michigan, among others:

7. On November 5, 2015, **CHARLES B. RIZZO** caused Quintin Ramanauskas to leave a $3,000 cash bribe payment for Dean Reynolds, an elected Trustee of Clinton Township, to pick up.

All in violation of Title 18, United States Code, Sections 371 and 666(a).

## COUNT TWO

(18 U.S.C. §§ 371 & 1343 -- Conspiracy to Commit Wire Fraud)

**D-7   CHARLES B. RIZZO**

## THE CONSPIRACY

1. From approximately 2014 through 2016, in the Eastern District of Michigan, Southern Division, defendant **CHARLES B. RIZZO** did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree with Quintin Ramanauskas, Derrick Hicks, and other individuals to commit an offense against the United States, that is, to commit wire fraud, in violation of Title 18, United States Code, Section 1343. As part of the conspiracy, **CHARLES B. RIZZO** and others embezzled hundreds of thousands of dollars from Rizzo Environmental Services through fraud. At the time of the fraud, over eighty percent of the ownership interest in Rizzo Environmental Services was held by a private equity firm operating out of New York and other individuals and entities other than **CHARLES B. RIZZO** or his father, Charles P. Rizzo. As part of the conspiracy, **CHARLES B. RIZZO** caused fraudulently inflated invoices to be submitted to Rizzo Environmental Services so

4

that the conspirators would then receive cash kickbacks from the money paid by the company.  As part of the conspiracy, interstate email communication was used to conceal the various schemes from the New York private equity firm.

## OVERT ACT

In furtherance of the unlawful conspiracy, and to effect its objectives, the co-conspirators committed the following overt act in the Eastern District of Michigan, among others:

2. On October 28, 2015, **CHARLES B. RIZZO** caused an email containing fraudulent financial information to be sent from Michigan to the private equity firm in New York.

All in violation of Title 18, United States Code, Sections 371 and 1343.

## FORFEITURE ALLEGATION

(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

## D-7   CHARLES B. RIZZO

1. The allegations contained in Counts One and Two of this Eighth Superseding Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of a conspiracy to violate

Sections 666(a) and 1343, in violation of Title 18, United States Code, Section 371, the defendant, **CHARLES B. RIZZO**, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violations. The property to be forfeited includes, but is not limited to, the following:

    a.  $3,702,256.24 consisting of the proceeds of a cashier's check purchased with funds from the following bank account controlled by defendant – Chase Bank Account No. XXXXX3321;

    b.  $26,000 in United States Currency voluntarily turned over by the defendant to the FBI on or about April 28, 2017;

    c.  $23,729.36 seized from the following bank account controlled by the defendant - PNC Bank Account No. XXXXXX9639;

    d.  $99,143.32 seized from the following bank account controlled by defendant - PNC Bank Account No. XXXXXX9647;

    e.  $189,804.83 seized from the following bank account controlled by the defendant - PNC Bank Account No. XXXXXX9778;

    f.  $34,247.71 seized from the following bank account controlled by the defendant - Chase Bank Account No. XXXXX3321;

    g.  $7,081.97 seized from the following bank account controlled by the defendant - PNC Bank Account No. XXXXXX9655; and

h. $4,385.95 seized from the following bank account controlled by the defendant - PNC Bank Account No. XXXXXX8821.

3. The Government also seeks entry of a forfeiture money judgment against Defendant, in favor of the United States, in the amount of $4,000,000.00 ($4 million).

4. If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).


DANIEL L. LEMISCH
Acting United States Attorney


R. MICHAEL BULLOTTA
Assistant United States Attorney

DAVID A. GARDEY
Assistant United States Attorney
Chief, Public Corruption Unit


Dated:  November 7, 2017

8

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>16-20732 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | **Companion Case Number:** 16-20793, 17-20363, 17-20568, 17-20662 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** Cleland and Lawson |
| ☒ Yes          ☐ No | **AUSA's Initials:** |

**Case Title:** USA v.  D-7  Charles B. Rizzo

**County where offense occurred :**  Macomb

**Check One:**  ☒ Felony          ☐ Misdemeanor          ☐ Petty

_____Indictment/_____Information --- **no prior complaint.**

_____Indictment/_____Information --- based upon prior complaint [Case number:____]

__✓__Indictment/_____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*

## Superseding Case Information

**Superseding to Case No:** 16-20732          **Judge:** Robert H. Cleland

☐ Corrects errors; no additional charges or defendants.
☒ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Charles B. Rizzo | 18 USC 371<br>18 USC 666(a)<br>18 USC 1343 | N/A |

---

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

November 7, 2017
Date

DAVID A. GARDEY
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9591
Fax:    313-226-3413
E-Mail address: David.Gardey@usdoj.gov
Attorney Bar #: P48990

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/16