**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                Case No. 16-20732-7

CHARLES B. RIZZO,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR VOLUNTARY SURRENDER TO THE BUREAU OF PRISONS**

**Background**

Defendant Charles B. Rizzo was convicted by his plea of guilty to conspiracy to commit bribery in violation of 18 U.S.C. § 666 and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343. (*See* Dkt. #132.) Following his conviction, but before sentencing, the government moved to revoke Defendant's pre-trial bond on the basis that he had, in violation of a provision of his bond conditions, made contact with a potential witness in the case. (*See* Dkt. #151.) The court granted the motion, and revoked Defendant's bond. (*See* Dkt. ##164, 166.) Defendant was ordered to report to the Marshals Service on February 13, 2018, an order with which he complied. He has remained in custody since that time. Defendant was sentenced on April 23, 2018.

Before the court now is Defendant's motion for release from custody pending the commencement of his sentence—he asks that he be allowed to voluntarily report to the Bureau of Prisons facility where he will serve the remainder of his sentence. (Dkt. #182.) The government opposes the motion. (Dkt. #183.)

Defendant asks that he be permitted to voluntarily report so that he may get certain family affairs in order before his incarceration.

First, Defendant's eldest son is cognitively disabled and has an Individualized Education Plan meeting with his school, at which the school and the Rizzo family will need to discuss whether Defendant's son will graduate from high school next year or attend an extended high school program until he is 21.

Second, Defendant's youngest son will be attending a new school, and Defendant seeks freedom to help ease his transition.

Third, Defendant asks for release so that, in light of the monetary implications of his sentencing, he can help with his family's financial planning.

Fourth, defendant's mother is scheduled for significant surgery in coming weeks.

**Standard**

Release pending the execution of sentence is governed by 18 U.S.C. § 3143(a). Because Defendant was not convicted of a crime contemplated by § 3142(f)(2)(A)–(C), his request for release is considered under § 3143(a)(1). The presumption is that a person awaiting execution of sentence will remain in custody: the statute provides that "the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained." § 3143(a)(1) (emphasis added). There is an exception: the court may order release if it finds, by clear and convincing evidence, that "the person is not likely to flee or pose a danger to the safety of any other person or the community if released" subject to certain conditions. *Id.* The burden is on the defendant to justify release. *United States v. Vance*, 851 F.3d

166, 169 (6th Cir. 1988). Whether to grant such release is well within the court's discretion. *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002).

Defendant's request for release is complicated by the fact that the court revoked Defendant's pretrial bond. As the record amply demonstrates, the court took action based upon the defendant's improper contact with a person who could have been a witness in the sentencing phase of Defendant's own case, and the court's determination that the contact had the appearance of being designed.  The violation of the no contact order was accordingly deemed by the court as aggravated noncompliant behavior. Defendant's case is now over, so there is no longer a risk of inappropriate contact with witnesses in his own case. Other cases are not concluded, however, so there is a general risk of inappropriate contact until those cases are completed.

According to Pretrial Services, Defendant was otherwise compliant while on pretrial release, and he at no time sought to flee. He appeared for all proceedings on time, and appears to have behaved in a suitable manner while pending trial. As the court noted at Defendant's sentencing, he seems unlikely to reoffend.

The government opposes Defendant's request primarily on a concern for safety, based upon Defendant's isolated earlier verbal indication that he might pose a danger to himself.  The government points out that, if Defendant were to be reunited with his family before serving his sentence, it might result in an "emotional breakdown."

The court concedes that there is some evidence that Defendant talked about self-harm in 2016, but there is nothing to indicate that he is currently contemplating it. And while Defendant will certainly be upset to leave his family once again, that he might have an emotional breakdown seems speculative at best. The concerns raised by the

government are not inconsequential but the court does not find that they weigh substantially against release.

Weighing principally in favor of voluntary surrender is the acknowledged fact that Defendant's special needs child is awaiting educational planning; the court finds that such planning reasonably should include Defendant's personal attention.

Accordingly, Defendant's motion for voluntary surrender is GRANTED.

Defendant shall be released on a $10,000 Unsecured Bond, and must execute the standard bond form with all standard conditions and the following special conditions:

1. Report in person once per week until surrendered, or as otherwise directed by Pretrial Services.

2. Restrict travel to the Eastern District of Michigan unless approval given by Pretrial Services, including a Bureau of Prisons direction to surrender.

3. Participate in good faith in any mental health therapy sessions as directed by Pretrial Services as often as once per week.

4. Have no contact with co-defendants, victims, and/or witnesses.

5. Report to the designated Bureau of Prisons institution on time and at his own expense.

IT IS SO ORDERED.

    s/Robert H. Cleland    /
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: April 30, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 1, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner                /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\16-20732-7.RIZZO.Bond.Pending.Voluntary.Surrender.KNP.RHC.docx