**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Criminal Case No. 16-20732

CHARLES B. RIZZO,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR A REDUCED TERM OF IMPRISONMENT**

Now before the court is a motion filed by Defendant Charles B. Rizzo for a reduced term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant proffers several arguments for his early release, including circumstances relating to the care of his disabled adult son, his efforts to cooperate with law enforcement, and his work history. The motion has been fully briefed, and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons explained below, the court will deny the motion.

**I. BACKGROUND**

Defendant pleaded guilty to conspiracy to commit bribery and wire fraud in connection with municipal garbage contracts in Macomb County totaling millions of dollars. He faced a guideline calculation of 120 months incarceration but received a sentence of 66 months after the court accepted the Government's motion for a downward departure based on Defendant's cooperation and substantial assistance.

Defendant is currently incarcerated at FPC Pensacola and scheduled for release on December 7, 2022.

During his incarceration, Defendant submitted to the Warden of his facility two requests for early release. In his first request, dated September 2, 2019, Defendant requested early release based on the difficulties experienced by his disabled adult son in his absence. Defendant also discussed his employment history during incarceration in this first request. (ECF No. 298-2.) Defendant reiterated these same points in his second request, dated January 8, 2020, adding more detail and another ground for release based on his post-sentencing cooperation with law enforcement. (ECF No. 298-9.) Neither request advanced any arguments related to the current coronavirus pandemic. The Warden denied both requests. (ECF No. 298-8, PageID.4301; ECF No. 298-11, PageID.4311.) Defendant filed the instant motion on April 2, 2020.

## II. STANDARD

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). In considering a motion for early release, the court must weigh the sentencing factors outlined in 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) represents the "applicable policy statement[]" for early release motions under 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant may qualify for early release if he does not pose "a danger to the safety of any other

2

person or to the community" under 18 U.S.C. § 3142(g) and presents "extraordinary and compelling reasons" to justify release. USSG § 1B1.13(1)–(2). The application notes to § 1B1.13 list four categories which constitute "extraordinary and compelling reasons" for release: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." § 1B1.13 cmt. n.1.

The guidelines limit the type of "family circumstances" warranting relief to "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." § 1B1.13 cmt. n.1(C). Additionally, the guidelines provide that the Director of the Bureau of Prisons ("BOP") determine that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories to justify release under the final "other reasons" category. § 1B1.13 cmt. n.1(D). However, it appears that the passage of the First Step Act, which eliminated the requirement that the BOP Director move on behalf of a defendant for compassionate release, rendered inoperative the corresponding requirement under § 1B1.13 cmt. n.1(D) that the BOP Director make determinations relating to the category of "other circumstances" for release. *See United States v. Almontes*, 2020 WL 1812713, at *2–3 (D. Conn. Apr. 9, 2020) (collecting cases) ("[N]early all district courts hold that— since the [First Step Act]'s passage— section 1B1.13 is not binding but is, rather, helpful guidance."). Thus, for purposes of this motion, the court considers "other

3

circumstances" raised by Defendant irrespective of the lack of recommendation from the BOP Director.

### III. DISCUSSION

Defendant raises several arguments in support of his motion for release, but he primarily focuses on circumstances related to his disabled adult son. He states that his son suffers from a life-long cognitive impairment and that his son's physical and psychological health has declined since Defendant's incarceration. Additionally, Defendant claims that his son has started to physically act out against Defendant's wife, who serves as their son's full-time caregiver. (ECF No. 298, PageID.4205.) Defendant further claims that the social distancing policies implemented to curtail the spread of the coronavirus have disrupted his son's daily routine and further exacerbated his son's behavioral and health issues. While Defendant stops short of asserting directly that he should be released due to the coronavirus pandemic, he comments that his high blood pressure puts him at greater risk for contracting the virus. (*Id.* at PageID.4210.) [1]

In addition to the circumstances related to his son, Defendant also suggests that his cooperation with law enforcement supports his early release. He argues that he has continued to provide information to law enforcement since his sentencing and further asserts that the value of the information he previously provided could not fully be

---

[1] To the extent Defendant makes any argument that the general risk of contracting the coronavirus justifies his release, his motion will be denied because "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release*." United States v. Raia*, 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

appreciated at the time of his sentencing. (*Id.* at PageID.4211–12.) Finally, Defendant emphasizes that he has been an "exemplary inmate" and excelled during his full-time employment at the prison. (*Id.* at PageID.4217.)

In its response, the Government highlights the directives issued by the Attorney General and policies recently enacted by the BOP in response to the coronavirus pandemic. The Government emphasizes the need to allow the BOP time to implement these policies, rather than permitting Defendant to "cut in line" with the instant motion. (ECF No. 299, PageID.4355.) The Government also asserts that Defendant failed to exhaust his administrative remedies for his arguments predicated on the coronavirus. (*Id.* at PageID.4364.) Notwithstanding exhaustion issues, the Government argues that Defendant's motion should be denied because he fails to satisfy any of the four categories for compassionate release expressed in the relevant policy statement, USSG § 1B1.13.

As to the first and second categories (medical condition and age) outlined in § 1B1.13, the Government claims that Defendant's age of 47 years and high blood pressure are insufficient to justify his release. (ECF No. 299, PageID.4368.) The Government also argues that the circumstances related to Defendant's son do not warrant early release because Defendant's wife continues to serve as their son's full-time caregiver and Defendant's family possesses a wealth of assets—in the realm of $ 39,000,000—to provide additional care as needed. (*Id.* at PageID.4352, 4369.) The "various maladies" supposedly experienced by Defendant's son in his absence, the Government argues, appear overstated based on the medical records submitted by

5

Defendant and do not warrant release, especially considering the significant financial resources available to Defendant's family. (*Id.* at PageID.4371.)

The Government asserts that the factors outlined in 18 U.S.C. § 3553(a) weigh against release, specifically highlighting that Defendant violated his bond and continued to participate in criminal activity during his purported cooperation with the Government's investigation. (ECF No. 299, PageID.4373–74.) Finally, the Government contends that Defendant has not provided any substantial post-sentencing cooperation and casts doubts as to the credibility of the information more recently provided by Defendant. (*Id.* at PageID.4374–75.)

The court observes that both of Defendant's requests for release to the Warden predated the coronavirus pandemic and, therefore, contained no information related to the impact of the pandemic on his requested grounds for release. For the purpose of expedient resolution, however, the court considers all the circumstances described in the instant motion. After reviewing the briefing, the relevant statutory authority, and the applicable policy statements, the court is not persuaded that any of the circumstances described in Defendant's motion, either individually or in aggregate, justify the extraordinary remedy of compassionate release.

The court recognizes that the incarceration of a parent can carry profound psychological and emotional repercussions on a child. The court has little reason to doubt that Defendant's son has negatively reacted to his father's incarceration nor that the present realities created by social distancing measures in response to the coronavirus pandemic have caused Defendant's son to experience such reactions more

6

acutely. However, Defendant's wife continues to serve as their son's full-time caregiver, and the immense resources available to Defendant's family are more than adequate for Defendant's wife to acquire additional caretaking assistance if needed. That Defendant's family would prefer Defendant to serve as an additional caretaker does not negate these facts. Moreover, the resources of Defendant's family and the availability of his wife to serve as their son's full-time caregiver place Defendant's family at an almost immeasurable advantage over the vast majority of even "wealthy" individuals, incarcerated or not. Defendant argues that his son will not improve until his father returns home, but certainly the same can be said for countless other children with incarcerated parents. Very few of these children, however, also have added benefit of another parent serving as their full-time caregiver nor the resources for their parent to hire additional help should the burden of their care surpasses the abilities of their custodial parent. It is an unfortunate but unescapable reality that the costs of crime and imprisonment reach far beyond the individual defendant.

The circumstances experienced by Defendant's son and family, difficult though they may be, are insufficient to outweigh the need for Defendant's continued incarceration. Defendant received a significant reduction in his sentence. But the need for his reduced sentence to reflect the seriousness of his offense, provide punishment, and promote general deterrence influence the court's decision to deny release. *See* 18 U.S.C. § 3553(a). Nor are the circumstances raised by Defendant sufficient to outweigh the need for his continued confinement given his history of flagrant disregard for the terms of his release on bond.

Defendant's remaining arguments for release do nothing to change the court's assessment in this regard. As to Defendant's argument about the value of his cooperation, the Government, much more so than this court, is suited to determine whether Defendant's cooperation warrants any additional leniency. The Government states that it does not, and the court will not interfere with this assessment. Nor does the court consider Defendant's post-sentencing employment history so "extraordinary or compelling" to warrant his requested relief. 18 U.S.C. § 3582(c)(1)(A)(i). Accordingly,

IT IS ORDERED that Defendant's motion for a reduced sentence (ECF No. 298) is DENIED.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 1, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 1, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\16-20732.B.RIZZO.deny.reduce.sentence.3582.HEK.RHC.docx