UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                 Plaintiff,

v.

DEAN REYNOLDS,

                 Defendant.

Case No. 2:16-cr-20732
Honorable Robert H. Cleland
Magistrate Judge Elizabeth A. Stafford

---

Barry R. Powers (P40589)
CRANBROOK LAW GROUP, P.C.
38550 Garfield Road, Suite A
Clinton Township, Michigan 48038-3406
(248) 515-8599
bpowers@cranbrooklawgroup.com
Counsel for Defendant Dean Reynolds
(Place of Confinement: FCI Milan;
Prisoner No.: 55063039)

---

**REPLY IN SUPPORT OF DEFENDANT'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Defendant, Dean Joseph Reynolds, through counsel, submits the following as his Reply in Support of his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

First, the government in its response to Defendant's motion does not accurately outline the governing standards this Court is to apply in the present case

to determine the over-arching parameters of the extent to which Defendant's trial counsel's performance rises to the level of a sixth amendment violation for ineffective assistance of counsel; indeed, the government misinterprets and misapplies the authorities it cites and overlooks the import of the precise authorities governing and guiding this Court's analysis in making such determination.

A number of categories of an attorney's mis-performance or mal-performance of his duties to his client in defense of criminal prosecution resulting in personal ineffectiveness are subject to a conclusive presumption of deficient performance and the presumption of prejudice, where personal ineffectiveness is pervasive. Primus, E.B., *Disaggregating Ineffective Assistance of Counsel Doctrine; Four Forms of Constitutional Ineffectiveness*, 72 Stanford L. Rev. 1581, 1628-29 (2020); *see generally id.* at 1626-51; *see also Rogers v Dzurenda*, 25 F. 4th 1171 (Feb. 14, 2022)(favorably citing and quoting, at fn. 13, *Disaggregating, supra,* at 1612, 1594, and 1619: ineffectiveness "may be so 'structural and pervasive' as to constructively deny a defendant their Sixth Amendment right to effective assistance of counsel)(affirming district court's grant of defendant's 28 U.S.C. § 2254 habeas corpus petition challenging his murder convictions for ineffective assistance of counsel).

Among those, summarized in *Disaggregating*, *supra*, at 1629, are:

2

* Failing to perform as necessary to assist client in making decisions reserved to client or to honor client's wishes on matters reserved for client. *Garza v Idaho*, 139 S. Ct. 738, 745-46 (2019); *McCoy v Louisiana*, 138 S. Ct. 1500, 1509 (2018); *Roe v Flores-Ortega*, 528 U.S. 470-80 (2000);

* Withholding important information necessary for client to make decisions reserved for client. *Missouri v Frye*, 566 U.S. 134, 145 (2012); *Padilla v Kentucky*, 559 U.S. 356, 368-69 (2010);

* Misleading or misinforming client in clearly erroneous ways about legal consequences of making decisions reserved for client. *Lee v United States*, 137 S. Ct. 1958, 1967-69 (2017); *Padilla*, 559 U.S. At 359, 368-69; and

* Counsel's clearly erroneous understanding of law, not strategic concerns, motivated counsel's actions. *Hinton v Alabama*, 571 U.S. 263, 273-74 (2014); *Williams v Taylor*, 529 U.S. 362, 395 (2000); *Kimmelman v Morrison*, 477 U.S. 365, 385 (1986).

Defendant has averred, and will prove, that all four of the above apply in the present case, and has further averred, and will establish, that counsel's personal ineffectiveness was pervasive, requiring this Court to presume prejudice. Additionally, it s important to note that the government has failed to offer an affidavit of Defendant's trial counsel to rebut Defendant's showing of counsel's pervasive personal effectiveness on these grounds, so Defendant's showings in this

regard stand utterly uncontested. In any case, Defendant's unrebutted factual showings, not contested by the government so far in this proceeding, as well as ones the government takes pains in its repose to rebut, without sufficient factual or legal support, plainly demonstrate that Defendant's averments require further evidentiary development. *See, e.g., Sanders v White*, 2015 U.S. Dist. LEXIS 91633 (E.D. Ky. July 15, 2015), *later proceeding*, 2018 U.S. App. LEXIS 27476 (6th Cir. September 25, 2018)

Where counsel exercises decisionmaking reserved for the client, such infringes on the client's autonomy, such performance is, *per se*, deficient. *Disaggregating, supra,* at 1631 (citing *Garza, supra*, at 745-46*,* and *Roe*, *supra*) at 477-80). This rule applies to several situations where counsel's malfeasance, misfeasance, or non-feasance serves to usurp or infringe upon the client's ability to make an informed decision about whether to testify at trial, which is the province of the client and the client, alone; counsel's reasoning in such case has no relevance, and thus no bearing, in such case. *Id*. at 1631-33 (citing *McCoy*, *supra*, at 1508, and *Jones v Barnes*, 463 U.S. 745, 751 (1983)). "When it comes to decisions that are reserved for the client, counsel has a duty to ensure that the client is able to make an informed decision and must perform the ministerial acts necessary to present the client with available options and effectuate the client's choices. Clear legal errors and omissions by counsel that interfere with the client's

ability to make informed choices infringe on that right and are per se deficient regardless of counsel's reasons." *Disaggregating, supra,* at 1633 (citing *Hinton, supra*, at 265-74, *Williams, supra*, at 395, and Kimmelman, supra, at 385).

> Lower courts should similarly think about logical implications of the other per se deficient performance categories. For example, counsel's failure . . . *to inform the client of his right to testify at trial on his own behalf* always should be deemed per se deficient performance. And when counsel gives advice that is clearly legally incorrect to a client who is trying to make a decision that the client is entitled to make, that too should be deemed per se deficient.

*Disaggregating, supra,* at 1638 (emphasis added).

> Even when defendants bear the burden of demonstrating *Strickland* prejudice, recent legal developments suggest that *outcome-determinative* prejudice may not always be what defendants need to show. A showing that a trial was fundamentally unfair may suffice, even if that showing is not tantamount to showing that the result would have been different in the absence of a specific episode of attorney ineffectiveness. As a result, satisfying *Strickland*'s prejudice requirement for personal ineffectiveness need not be as onerous as experts have assumed.

*Id*. at 1644 (emphasis in original).

Pervasive personal ineffectiveness may be established by a single error or from specific, isolated errors giving rise to the presumption of prejudice. *See, e.g., Weaver v Massachusetts*, 137 S. Ct. 1899, 1905, 1912-13 (2017). In the present case, as averred, trial counsel committed not just a single error or a few discrete,

5

isolated errors; on the contrary, as averred and will be proven, counsel failed to oppose the prosecution throughout the proceeding as a whole, resulting in no less serious error than "a breakdown in the adversarial process that renders the trial fundamentally unfair." *Disaggregating, supra,* at 1645 (citing *Hamilton, supra*, at 54). "After all, when trial counsel makes a series of unprofessional errors, it undermines the legitimacy and fairness of the proceedings because it reveals that counsel 'has failed to approach their duties with the neutrality and serious purpose that [the] system demands.'" *Disaggregating, supra,* at 1650 (quoting *Weaver, supra*, at 1913). *See also Dugas v Coplan*, 428 F.3d 317, 335 (1st Cir. 2005) 2005); *Earls v McCaughtry*, 379 F.3d 489, 495-96 (7th Cir. 2004); Silva v Woodward, 279 ovlc317838(adopting cumulative approach).

Second, the government fails to demonstrate the appropriateness of the excesses in charging Defendant, such as to rebut the averment of prosecutorial vindictiveness, and the over-charging of defendant for the same conduct, and the applicability of the rule of lenity. *See, e.g. Wooden v U.S.*, 142 S. Ct. 1063 (March 7, 2022); *see also* concurring opinion of Gorsuch, J. in *Wooden*.

Third, the government is incorrect in urging this Court that Wharton's Rule should not apply to defeat all of the charges of conspiracy to commit bribery. Kelly v United States, 140 S. Ct. 1565, 1574 (2020); *U.S. V Wheat*, 988 F.3d 299 (6th Cir. 2021); *U.S. v. Austin*, 529 F.2d 559, 562-64 (6th Cir. 1976); *Pandelli v U.S.*,

635 F.2d 533 (6th Cir. 1980); *U.S. v Inman*, 534 F. Supp. 3D 843 (W.D. Mich. 2021).

                    Respectfully submitted,

                    CRANBROOK LAW GROUP, P.C.

                    By /s/ Barry R. Powers  (P40589)
                    38550 Garfield Road, Suite A
                    Clinton Township, Michigan 48038-3406
                    (248) 515-8599
                    bpowers@cranbrooklawgroup.com
                    Counsel for Defendant Dean Reynolds

DATED: April 4, 2022